No. 2647

Second Circuit

———

GALLIEN v. McKEITHEN

———

(April 5, 1929. Opinion and Decree.)

———

Jas. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Breazeale and Breazeale, of Natchitoches, attorneys for defendant, appellee.

ODOM, J. Plaintiff brought this suit to recover of defendant $1,000 for the use and benefit of his minor son, and $500 for his wife, mother of the son, as damages resulting from slanderous remarks alleged to have been made by defendant about plaintiff's son. Plaintiff alleges that the slander and defamation took place in Natchitoches parish, on or about November 19, 1925, and this suit was filed in that parish on December 8th of that year.

Paragraph 14 of plaintiff's petition charges that the injury was done in the parish of Natchitoches where the said McKeithen (defendant) is temporarily residing and doing business.

Defendant *in limine* filed an exception to the jurisdiction of the court *ratione personae*, alleging that he was a resident of the parish of Caldwell and that the suit should have been brought in that parish. On trial of the exception, it was sustained by the lower court, and plaintiff's suit dismissed. Plaintiff has appealed.

OPINION.

The testimony shows beyond question that the defendant was a resident of the parish of Caldwell when the alleged cause of action arose and when the suit was filed in the year 1925. He was a married man, his family consisting of a wife and two children who resided with him at Grayson, in Caldwell parish. He had lived in Caldwell parish for many years, paid poll taxes, was a registered voter, and in 1924, was a candidate for the office of clerk of the district court. Defendant and his two brothers were engaged in road building, under the firm name of "McKeithen Construction Company," and had built roads in several parishes, including Natchitoches, where they were at work in 1925. Defendant followed these constructing jobs into the various parishes and, in conjunction with his brothers, supervised the work, and, while doing so, slept and ate at the camps, but always returned to his home in Caldwell parish for the weekend and Sundays. He never at any time intended to establish and did not establish a domicile outside of Caldwell parish.

Such being the case, this suit should have been brought against the defendant in Caldwell parish, under article 162 of the Code of Practice, which provides that:

"It is a general rule in civil matters that one must be sued before his own Judge—that is to say, before the Judge having jurisdiction over the place where he has his domicile or residence."

There are exceptions to this rule, however, as noted in article 165 of the Code, but none of these exceptions apply in this case.

Paragraph 9 of the latter article, as

amended by Act 130 of 1926, provides that:

"In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."

But this case is not governed by that amendment because the alleged cause of action arose and the suit was filed in 1925, prior to the amendment; but falls under Act 71 of 1914, page 187, which amended and re-enacted article 165 of the Code. Paragraph 9 of the act, as amended in 1914, and as it stood in 1925, reads as follows:

"In all cases where any corporation shall commit trespass or do or fail to do anything for which an action for damages lies' it shall be liable to be sued in the parish where such damage is done or trespass committed."

It will thus be seen that under the Code, as it stood when the cause of action arose in this case and when the suit was filed, only corporations could be sued in parishes other than their domiciles for damages arising out of acts done or for failing to do something.

The damages claimed in this suit did not arise from any act done in connection with the business conducted by defendant in the parish of Natchitoches, nor did they result from a trespass.

Counsel for appellant did not argue the cause orally nor has he filed brief, and we are not favored with his views on the point, but, under the facts and the law applicable, we think the district judge did not err in holding that the suit should have been brought at the domicile of defendant in the parish of Caldwell.

For the reasons assigned, the judgment appealed from is affirmed, with all costs.